# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-4546 FMO (ASx) | Date | July 5, 2017 |
|---|---|---|---|
| Title | Carl Malani Bilyeu, et al. v. Edward Guy | | |

Present: The Honorable **Fernando M. Olguin, United States District Judge**

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present      None Present

**Proceedings:**      **(In Chambers) Order to Show Cause Re: Subject Matter Jurisdiction**

Plaintiffs Carl Malani Bilyeu, David John Pratt, Kirk Thompson, and Sebastian Feary (collectively, "plaintiffs"), filed their Complaint against defendant Edward Guy, doing business as Kahuku Productions, Inc. ("Kahuku Productions") and Abattoir Records ("Guy" or "defendant"), asserting state law claims for rescission of contract and an accounting. (See Dkt. 1, Complaint at ¶¶ 3-7 & 17-25).

Having reviewed the Complaint, the court has multiple concerns whether plaintiffs may pursue this action. First, plaintiffs contend that they entered into a recording contract with Kahuku Productions, (see Dkt. 1, Complaint at ¶ 10), but do not name that corporation as a defendant or allege where it is incorporated or where it has its principal place of business. (See, generally, id.); see Operating Eng'rs Pension Trust v. Reed, 726 F.2d 513, 515 (9th Cir. 1984) (individuals and corporations are typically treated as separate entities for liability purposes).

Second, plaintiffs allege that they recorded four albums under the terms of the recording contract in 1975, 1976, 1977, and 1978, (see Dkt. 1, Complaint at ¶ 12), but "never received an accounting or royalty statement under the Agreement." (Id. at ¶ 14). Plaintiffs, however, do not attach a copy of the recording contract to the Complaint, and thus the court does not know what state law applies, or whether the state law controlling the terms of the agreement recognizes a 39 to 42 year statute of limitations. See Angeles Chem. Co. v. Spencer & Jones, 44 Cal.App.4th 112, 119 (1996) ("Under California law, a contract claim based on a written agreement is governed by a four-year statute of limitations.").

Third, to the extent California law governs the recording contract, the theory of continuous accrual applies, allowing plaintiffs to recover under the recording contract for the four years preceding the filing of the Complaint. See Aryeh v. Canon Bus. Sols., Inc., 55 Cal.4th 1185, 1192 (2013) ("under the theory of continuous accrual, a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period."); Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal.App.4th 1375, 1388 (2004) ("where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-4546 FMO (ASx)** | Date | **July 5, 2017** |
|---|---|---|---|
| Title | **Carl Malani Bilyeu, <u>et</u> <u>al.</u> v. Edward Guy** | | |

performance of contractual obligations is severed into intervals, as in installment contracts, the courts have found that an action attacking the performance for any particular interval must be brought within the period of limitations after the particular performance was due."); <u>Peterson v. Highland Music, Inc.</u>, 140 F.3d 1313, 1321 (9th Cir. 1998), <u>as amended on denial of reh'g and reh'g en banc</u> (June 15, 1998) (plaintiffs could recover royalties that had accrued within the four-year statute of limitations period because "[t]here is no fixed amount to be paid out over time under [plaintiffs'] contract, but rather a continuing obligation to pay a portion of the profits and royalties on "Louie, Louie" as the recording gets used over time."). However, plaintiffs do not allege whether their damages since 2013 meet the jurisdictional minimum.[1] <u>See</u> 28 U.S.C. § 1332(a) ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States").

Based on the foregoing, IT IS ORDERED THAT no later than **July 19, 2017**, plaintiffs shall file a First Amended Complaint establishing that complete diversity exists between plaintiffs and defendants and that the amount in controversy exceeds $75,000. Plaintiffs should attach a copy of the recording contract as an exhibit to the First Amended Complaint. Alternatively, plaintiffs may stand on their Complaint and file a written Response to this Order to Show Cause, not to exceed five (5) pages, that discusses why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiffs are cautioned that failure to file a First Amended Complaint or otherwise respond may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1065 (9th Cir. 2004).

|  | Initials of Preparer | vdr |
|---|---|---|

---

[1] Federal courts have a duty to examine jurisdiction <u>sua sponte</u> before proceeding to the merits of a case, <u>see</u> <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. <u>See</u> <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).